UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON KEITH JONES,<br><br>Plaintiff,<br><br>v.<br><br>WAYNE COUNTY SHERIFF'S DEPARTMENT,<br><br>Defendant. | ) | CASE NO. 5:15 CV 1767<br><br>JUDGE JOHN R. ADAMS<br><br>MEMORANDUM OF OPINION AND ORDER |

*Pro se* Plaintiff Jason Keith Jones has filed this civil rights action seeking $130,000 in damages against the Wayne County Sheriff's Department. He has not paid the filing fee, but has filed an application to proceed *in forma pauperis*. (Doc. No. 2.) The plaintiff's application to proceed *in forma pauperis* is granted; however, for the reasons stated below, his complaint is summarily dismissed.

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal district courts are required by 28 U.S.C. § 1915(e)(2)(B) to screen and dismiss before service any *in forma pauperis* action the court determines is frivolous or malicious, fails to state a claim on which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to state a claim on which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Id*. (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). The plaintiff's "[f]actual allegations must be enough to raise the right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

An action is frivolous when it lacks an arguable basis in law or in fact. A court may therefore dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319 (1989). An action also has no arguable basis in fact "if it describes fantastic or delusional scenarios." *Abner v. SBC (Ameritech)*, 86 Fed. App'x 958-59 (6th Cir. 2004).

The plaintiff's complaint, even liberally construed, is frivolous and does not contain allegations reasonably suggesting he has a plausible federal civil claim against the defendant. The complaint, which is captioned as a "Motion for Common Law Action Against Trespass of Rights and Property," consists entirely of an amalgam of incoherent and incomprehensible legal assertions and statements that are not connected in any way to any discernible alleged facts, or to discernible alleged conduct of the defendant. Moreover, the only causes of action alleged in the complaint are for "trespass" based on federal criminal laws, *i.e.*, the plaintiff alleges trespass under color of 18 U.S.C. §§ 241 and 242, and trespass "through identify fraud" in violation of 18 U.S.C. §1028. (*See*

Compl t., Doc. No. 1 at 8, 18.)[1] Although a *pro se* litigant is not held to the same standard as a lawyer, a *pro se* plaintiff must still meet basic pleading requirements, and the court is not required to conjure allegations on his behalf. *See Erwin v. Edwards*, 22 Fed. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

**Conclusion**

Accordingly, for the reasons stated above, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: November 24, 2015

*/s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

[1]Even had the plaintiff alleged a discernible federal civil rights claim under 42 U.S.C. § 1983, his action would be subject to summary dismissal because county sheriffs' departments are not entities capable of being sued for civil rights violations under that federal statute.